UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | |
|---|---|
| SPINNER CONSULTING LLC,<br><br>    *Plaintiff,*<br><br>v.<br><br>STONE POINT CAPITAL LLC,<br><br>    *Defendant.* | Civil No. 3:19cv1341 (JBA)<br><br><br><br>September 30, 2020 |

### RULING ON RULE 41(D) MOTION FOR COSTS AND FEES

Defendant Stone Point Capital moves pursuant to Federal Rule of Civil Procedure 41(d) for attorneys' fees and costs associated with Plaintiff's earlier filing and voluntary dismissal of a similar action. (Def.'s Mem. for Mot. for Costs and Fees [Doc. # 35-1].) Plaintiff objects. (Pl.'s Mem. Opp. Mot. for Costs and Fees [Doc. # 37].) For the reasons that follow, Defendant's motion is denied.

### I.    Background

Plaintiff filed this lawsuit alleging that Stone Point, an affiliate of Bankruptcy Management Solutions, Inc. ("BMS"), engaged in an antitrust conspiracy with its two largest competitors to "fix the manner of charging Chapter 7 bankruptcy estates . . . for bankruptcy support services." (Compl. [Doc. # 1] ¶ 1.) Plaintiff maintains that it was injured by paying an excessive price for bankruptcy management services. (*Id.* ¶ 61.)

Plaintiff previously filed two related lawsuits alleging antitrust conspiracy in the District of New Jersey. The first suit (the "First New Jersey Action") was filed on July 31, 2018, against BMS, an alleged co-conspirator, for the same injury alleged in this lawsuit. *Spinner Consulting LLC v. Bankr. Mgmt. Sols., Inc.*, No. 18-cv-12258, 2019 WL 2453816 (D.N.J. June 12, 2019). On June 6, 2019, Plaintiff commenced its second lawsuit (the "Second New Jersey Action"), against Defendant Stone Point, which had acquired a controlling interest in BMS,

raising the same antitrust conspiracy claims, while a motion to dismiss in the First New Jersey Action was still pending. *Spinner Consulting LLC v. Stone Point Capital LLC*, No. 19-cv-13471. Six days later, on June 12, 2019, the district court dismissed the First New Jersey Action for lack of standing. 2019 WL 245386. Defendant Stone Point then filed a motion to dismiss the Second New Jersey Action on August 19, 2019 asserting, *inter alia*, that the District of New Jersey lacked personal jurisdiction over Defendant. (Def.'s Mem. at 5.) Ten days later, Plaintiff voluntarily dismissed the Second New Jersey Action, and the next day, Plaintiff refiled the same claim against Stone Point in the District of Connecticut. (Compl.)

Defendant Stone Point now moves for an award of costs and attorneys' fees incurred in the Second New Jersey Action pursuant to Fed. R. Civ. P. 41(d). (Def.'s Mem. at 6.)

**II.     Discussion**

Federal Rule of Civil Procedure 41(d) provides that "[i]f a plaintiff who previously dismissed an action in any court files an action based on or including the same claim against the same defendant, the court may order the plaintiff to pay all or part of the costs of that previous action." District courts may use their discretion "to award attorneys' fees as part of costs" under Rule 41(d). *Horowitz v. South Emerson Assocs. LLC*, 888 F.3d 13, 25 (2d Cir. 2018). "Rule 41(d)'s purpose is clear and undisputed: to serve as a deterrent to forum shopping and vexatious litigation." *Id.* at 25 (internal quotation omitted). "The targets of deterrence under the rule will often be litigants . . . that file complaints and quickly dismiss them, perhaps in reaction to initial unfavorable rulings, or hoping for a subsequent case assignment to a judge they view as more favorable." *Id.* at 26.

Defendant argues that an award of costs and attorneys' fees is appropriate because "Plaintiff's filing of the [Second] New Jersey Action caused Stone Point to incur significant costs, including attorneys' fees, in preparing and filing a briefing schedule stipulation and *pro hac vice* motions; consulting with New Jersey-admitted counsel; and researching, preparing and filing a motion to dismiss." (Def.'s Mem. at 6-7.) Defendant maintains that

2

"those costs could have been avoided had Plaintiff not filed and then dismissed the [Second] New Jersey Action." (*Id.* at 7 (citing *Horowitz v. 148 S. Emerson Assoc's. LLC*, 888 F.3d 13, 24-25 (2d Cir. 2018); *Lombardo v. R.L. Young, Inc.*, No. 3:18-cv-188, 2018 WL 6727356, at *2 (D. Conn. Dec. 21, 2018); *Loubier v. Modern Acoustics*, 178 F.R.D. 17, 22-23 (D. Conn. 1998)).) Defendant argues that Plaintiff wanted to be assigned to a more favorable judge in a more favorable forum, with the result that Defendant has had to shoulder these avoidable costs that Rule 41(d) was designed to prevent. (*See* Def.'s Mem. at 4-5.)

Plaintiff maintains that an award of costs and fees is inappropriate. (Pl.'s Mem. at 5.) It argues that its initial decision to file the Second New Jersey Action in the District of New Jersey promoted judicial economy given that the related First New Jersey Action was already being litigated there. (*Id.* at 6.) Moreover, its decision to refile the action in the District of Connecticut also promoted judicial economy because it enabled the parties to avoid the costs and delay of litigating personal jurisdiction when there was no longer a good reason to keep the case in the District of New Jersey after the First New Jersey Action was dismissed. (*Id.* at 11.) Since Plaintiff had "a sound ... basis for asserting personal jurisdiction over [Defendant] in New Jersey," it argues a Rule 41(d) award would be inappropriate. (*Id.*) Plaintiff cited several cases in which courts declined to award costs and fees when plaintiffs had sound reasoning for their initial filing, voluntary dismissal, and subsequent refiling. (*Id.* (citing *Bank of N.Y. Mellon v. Bell*, 2013 WL 5308274 (D. Conn. Sept. 19, 2013); *Ramirez v. iBasis, Inc.*, 2010 WL 1223589 (E.D.N.Y. Mar. 24, 2010); *Phillips v. Merrill Lynch*, 2006 WL 6589918 (D. Conn. July 26, 2006)).)

Defendant replies that Plaintiff's conduct did not promote judicial economy and amounted to forum shopping, as demonstrated by the chronology of Plaintiff's actions. (Def.'s Reply [Doc. # 39] at 6, 8.)

The Court concludes that Plaintiff had a sound basis for filing the Second New Jersey Action in the District of New Jersey—the cases were related, and thus putting them before

the same judge promoted judicial economy. (Pl.'s Mem. at 10-11.) This efficiency basis for filing in the District of New Jersey, however, was no longer applicable when Judge McNulty granted BMS's motion to dismiss the First New Jersey Action. Therefore, when Defendant Stone Point raised a personal jurisdiction defense in its motion to dismiss the Second New Jersey Action, Plaintiff was faced with a choice: it could either voluntarily dismiss the lawsuit and refile it where personal jurisdiction could not be challenged, conserving the parties' and the court's resources, or it could defend against the personal jurisdiction argument. If Plaintiff prevailed, the case would remain in the District of New Jersey, a forum that no longer presented the earlier judicial economy. If Plaintiff lost, it could bring a new action in a forum where personal jurisdiction could not be challenged. By voluntarily dismissing the Second New Jersey Action and refiling it in this Court, Plaintiff enabled the parties to direct their resources to litigating the merits of the case.

Since Plaintiff was free to refile its claim in this district if it received a non-merits dismissal for lack of personal jurisdiction, avoiding the delay and cost of litigating that issue in its Second New Jersey Action resulted in some judicial economy.

### III.   Conclusion

Since Plaintiff had a sound reason for filing the Second New Jersey Action and reasonable basis for its voluntary dismissal, the purpose of Rule 41(d) is not implicated under these circumstances, and Defendant's Motion for Costs and Fees [Doc. # 35] is denied.

IT IS SO ORDERED.

/s/
Janet Bond Arterton, U.S.D.J.

Dated at New Haven, Connecticut this 30th day of September 2020.